Tucker, P.
The court having overruled the motion for a continuance saying, “ that the defendant’s defence could be proved by the officers of the court or by the counsel in attendance,” we are left to infer, from the facts stated in the exception, that both Goode and his witnesses were prevented from attending by the inclemency of the weather. And if there was nothing more in the case, I should think the continuance ought to have been granted: for, if the weather was so inclement as to excuse the absence both of party and witnesses, no affidavit of materiality from the party, could reasonably have been expected.
But it appears, that the real defence was upon the second plea. It is impossible that Goode could have designed to defend himself, both by proving that the debt had been discounted in the former suit, and that he had also paid it in some other manner. And it is expressly stated in the bill of exceptions that his counsel rested his defence upon the second plea only. Now, as to this second plea, he could not have been permitted to introduce any oral testimony, to prove that the bond had been set off by the jury in Goode’s action against Love’s administrators: because in the record of that case, it appears the parties went to trial upon one plea only, and that was the plea of the statute of limitations. Under the plea of the statute of limitations, the set off in question could never have been introduced ; and bad testimony been offered to prove that it had been, I think that testimony should have been rejected. Hence it is clear, that Goode sustained no injury in being ruled into trial upon his Second plea.
*639 As to tlie plea of payment, the bill of exceptions shews, that Goode rested his defence upon the other plea; and, therefore, we cannot suppose that the absent witnesses were necessary to the support of this. Indeed, it is clear, that he has had a fair trial of the very matter on which he relied as protecting him from the plaintiff’s claim; and as this is a motion for a new trial, it ought not to be granted since it seems that justice has been done.
If, indeed, we were permitted to draw inferences as to the fact of payment from the record, I should say it is clear Goode has not paid the debt. As late as September 1829, it was filed as a set off in his suit against Love’s administrators. This suit is brought against him in March 1832. Ho pleads here, that the bond had been set off and discounted in the former suit. Can we believe, that, after the bond had been, as he supposed at least, discounted in the former suit, he would have paid it ? I think not, and therefore I feel assured, that no injustice has been done him by the verdict. That being so, a new trial ought not to be granted.
The judgement is to be affirmed.